## Case No. 16,812.

### In re VALENTINE.

[4 Biss. 317; 12 N. B. R. 389; 1 N. Y. Wkly. Dig. 101.] [1]

District Court, D. Indiana. March, 1869.

BANKRUPTCY—PROOF OF CLAIM BY CREDITOR—FULL NAMES.

In proving a claim against the estate of a bankrupt by a creditor, founded on a note made to him by the name of A. G. Wallace, the first Christian name of the creditor ought to appear in the documents offered in evidence, or in the record of the proceeding; and it is not sufficient that the initials of the creditor's Christian name alone appear.

In bankruptcy.

Eben W. Kimball, for creditor.

McDONALD, District Judge.—One A. G. Wallace, before Register Ray, offered proof and prayed allowance of a claim on the estate of the bankrupt. The claim consisted of a note of five hundred dollars, alleged to have been executed by the bankrupt to Wallace. The note on its face purports to have been made by William H. Valentine to A. G. Wallace, using the initials of the Christian names only. In this form the note was shown in evidence to the register. There was no allegation on paper and no evidence offered as to the full Christian names of either of the parties to the note. And for the want of this, the register refused to allow the claim. To this, Wallace excepted; and the case comes before me on the register's certificate touching this ruling.

It is a primary rule, subject to few exceptions, that in judicial proceedings, whenever it is necessary to refer to persons, the Christian names of such persons must be stated in full. Where, however, the person has two Christian names, it is enough to state the first in full. This rule is particularly applicable to the names of parties to actions. The reason of the rule is that all persons with whom courts are concerned in litigation ought to be identified; and a statement of their full Christian and surnames is the most satisfactory method of identifying them.

In this state, even in a justice's court, it is not sufficient to state merely the initials of the Christian names of the parties. If the present case had been an action of assumpsit by the payee against the maker of the note in question, no lawyer would doubt that the full Christian names of both parties shoul be stated in the pleading. The same reason for requiring this in that case, applies equally to the present proceeding. So far as concerns parties to legal proceedings, whether they be adverse or ex parte proceedings, I think the reason of the rule is equally applicable. And I know no case in which any person applying to any court of record for any kind of relief or redress, is not bound to give at least one full Christian name as well as his surname. Indeed, the ancient common law deemed it more important that the full Christian name should be stated than the full surname.

The decision of the register is approved.

NOTE. The pleadings should set forth the Christian and surnames of all parties, plaintiff and defendant, and also of others of whom mention is made in the pleading. Steph. Pl. 302. The full names of the parties should be stated. Hays v. Lanier, 3 Blackf. 322; Livingston v. Harvey, 10 Ind. 218. But the omission of the Christian name of the plaintiff in the statement of a claim against a decedent's estate, is only matter in abatement, and the objection may be obviated by amendment. Peden's Adm'r v. King, 30 Ind. 181. A middle name or initial is no part of a man's name, and its insertion or omission is immaterial. Edmundson v. State, 17 Ala. 179; McKay v. Speak, 8 Tex. 376; King v. Hutchins, 8 Fost. (N. H.) 561; Allen v. Taylor, 26 Vt. 599; State v. Manning, 14 Tex. 402; Thompson v. Lee, 21 Ill. 242; Erskine v. Davis, 25 Ill. 251; Bletch v. Johnson, 40 Ill. 116; Isaacs v. Wiley, 12 Vt. 674; Games v. Stiles, 14 Pet. [39 U. S.] 322. The words "Junior" or "Senior" are no part of a man's name. Coit v. Starkweather, 8 Conn. 289; People v. Cook, 14 Barb. 259; Headley v. Shaw, 39 Ill. 354. Where there are two of the same name it will be presumed that the elder is meant, unless otherwise shown. Bate v. Burr, 4 Harr. (Del.) 130. It has, however, been held that a single letter may be presumed to be an entire Christian name. Tweedy v. Jarvis, 27 Conn. 42; and Lord Campbell, C. J., has held that "Lee B." and "I. H." might be the Christian names and not merely initial letters. Reg. v. Dale, 5 Eng. Law & Eq. 360. The courts can take judicial notice of the abbreviation of a man's name. Lenton v. Perkins, 3 Miss. 144. If one is in the habit of using only initial letters for his Christian name, a declaration against him by that name is good. City Council of Charleston v. King, 4 M'Cord, 487; Wood v. Bulkley, 13 Johns. 486.

---

VALENTINE (BETTON v.). See Case No. 1,370.

VALENTINE (BUERK v.). See Case No. 2,109.

VALENTINE (HAZLETON v.). See Case No. 6,287.

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission. 1 N. Y. Wkly. Dig. 101, contains only a partial report.]